# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**AMERICAN ORTHODONTICS CORP.,**
        **Plaintiff,**

    v.                                          Case No. 10-C-0189

**EPICOR SOFTWARE CORP.,**
        **Defendant.**

## DECISION AND ORDER

Plaintiff American Orthodontics Corporation brings this diversity action against defendant Epicor Software Corporation, alleging claims for breach of contract, deceptive trade practices, and promissory estoppel. Before me now are defendant's motion to dismiss the latter two claims pursuant to Federal Rule of Civil Procedure 12(b)(6) and defendant's motion to strike plaintiff's demand for costs and attorneys' fees pursuant to Federal Rule of Civil Procedure 12(f).

Plaintiff alleges that it is a manufacturer of orthodontic products and that it made known to defendant, a creator of software products, its interest in purchasing a new software system and the specific requirements that it had for such system. Plaintiff further alleges that in the course of marketing its product, defendant represented that its system, Vantage, would satisfy plaintiff's software needs – particularly its need for speedy performance. In September 2008, plaintiff agreed to purchase software from defendant and entered into licensing and service agreements with defendant. Plaintiff alleges that it encountered numerous problems with defendant's product that defendant was unable to solve. In March 2010, plaintiff commenced the present action.

To survive defendant's motion, plaintiff must allege "enough facts to render the claim not just conceivable, but factually plausible." Tully v. Barada, 599 F.3d 591, 593 (7th Cir. 2010). I will consider the agreements between the parties as part of the pleading because plaintiff attaches them to its amended complaint. Tierney v. Vahle, 304 F.3d 734, 738 (7th Cir. 2002).

I consider first plaintiff's deceptive trade practices claim, which arises under the Wisconsin Deceptive Trade Practices Act ("DTPA"), Wis. Stat. § 100.18. To prevail on a claim under the DTPA, plaintiff must prove three elements: (1) that, with intent to induce an obligation, the defendant made a representation to "the public"; (2) that the representation was untrue, deceptive or misleading; and (3) that the representation caused plaintiff a pecuniary loss. K&S Tool & Die Corp. v. Perfection Mach. Sales, Inc., 301 Wis. 2d 109, 121-22 (2007). Defendant argues that plaintiff fails to state a DTPA claim because, as a matter of law, plaintiff cannot show that defendant's pre-contractual representations caused it pecuniary loss. This is so, argues defendant, because the parties' contracts contain integration clauses purporting to disclaim any liability for misrepresentations made before the contracts were executed. Defendant's argument finds support in Peterson v. Cornerstone Property Development, LLC, in which the Wisconsin court of appeals held that an integration clause that "specifically disclaims the purchaser's right to rely on any fraudulent misrepresentations" serves to bar a claim under the DTPA. 294 Wis. 2d 800, 820 (Ct. App. 2006).

The problem with defendant's argument is that, unlike the integration clauses at issue in Peterson, the integration clauses at issue in the present case do not specifically disclaim plaintiff's right to rely on defendant's fraudulent misrepresentations. To the

2

contrary, the clauses explicitly preserve defendant's liability for "fraud." (First Am. Compl., Ex. A, at p. 20, § 5.4; id. at p. 22, § 13.4.) Now, a DTPA claim is not necessarily a fraud claim, since to prevail on DTPA claim a plaintiff does not need to prove intent to deceive, Kailin v. Armstrong, 252 Wis. 2d 676, 705 n.22 (Ct. App. 2002), and thus the fraud exception in the integration clauses may not save the DTPA claim. However, the use of the term "fraud" in the integration clauses could reasonably be understood to apply to a DTPA claim since, as defendant concedes, the DTPA "is generally designed to prevent fraudulent conduct." (Reply Br. at 9.) Thus, at the very least, the integration clauses are ambiguous as to whether they disclaim DTPA claims. Accordingly, I cannot find based on the pleadings alone that defendant's reading of the integration clauses is correct.

Defendant next argues that the economic loss doctrine bars plaintiff's DTPA claim. This argument fails for the simple reason that the Wisconsin Supreme Court has held that the judicially created economic loss doctrine does not apply to statutory claims. Below v. Norton, 310 Wis. 2d 713, 720 (2008); Stuart v. Weisflogs Showroom Gallery, Inc., 308 Wis. 2d 103, 124 (2008).

Defendant also argues that plaintiff's DTPA claim fails to satisfy Federal Rule of Civil Procedure 9(b), requiring that fraud be pleaded with particularity. To plead fraud with particularity, a plaintiff must allege the "who, what, when, where and how" of the supposed fraudulent act. Reger Dev., LLC v. Nat'l City Bank, 592 F.3d 759, 7764 (7th Cir. 2010). Plaintiff's pleading provides the names of the employees of defendant who allegedly made the fraudulent representations, the times and places on which they allegedly made the statements, how they made the statements, and the statements' contents. Thus, plaintiff satisfies the requirements of Rule 9(b).

Finally, defendant moves to dismiss plaintiff's promissory estoppel claim. The parties agree that Wisconsin substantive law governs this claim, the elements of which are (1) the existence of a promise that (2) the promisor reasonably should have expected would induce substantial action or inaction, (3) did induce such action or inaction, and (4) must be enforced in order to avoid injustice. Teff v. Unity Health Plan Ins. Corp., 265 Wis. 2d 703, 739 n.8 (Ct. App. 2003). A claim for promissory estoppel will be barred where a valid contract exists between the parties unless the contract "fails to address the essential elements of the parties' total business relationship." Kramer v. Alpine Valley Resort, Inc., 108 Wis. 2d 417, 425 (1982).

In the present case, plaintiff alleges that after the parties entered into a contract for the provision of the software system, plaintiff contacted defendant and asked for assurances from defendant that its software would function properly. Plaintiff informed defendant that it wanted these assurances before it committed to investing $100,000 in new hardware to use in connection with the system. Plaintiff alleges that defendant promised plaintiff that if it purchased the hardware the system would function properly. Plaintiff further alleges that, in reliance on this promise, plaintiff purchased the hardware and that, contrary to defendant's promise, the software did not function properly.

Defendant argues that this claim fails because the contract between the parties covered this aspect of the parties' business relationship. Specifically, the contract required plaintiff to provide the hardware needed to run defendant's software. However, the contract did not specify that plaintiff was required to purchase new hardware to use with the software. Plaintiff contends that its existing hardware was adequate to run the software and that it did not need to invest $100,000 in new hardware in order to satisfy its

obligations under the contract. Thus, plaintiff argues that whether it would purchase new hardware and whether the software would function properly on such hardware were elements of the parties' business relationship that the contract did not cover, and that, in making promises about the new hardware, defendant made promises not covered by the contract.

At this stage of the case, the facts relating to the promissory estoppel claim are undeveloped. Once these facts are developed, it may turn out that defendant's statements were limited to matters addressed by the contract. However, the allegations of the complaint give rise to a plausible inference that defendant made promises on matters not addressed by the contract – i.e., whether plaintiff would invest $100,000 in new hardware. Thus, the complaint states a claim for promissory estoppel.

I also address defendant's motion to strike the demand for costs and attorneys' fees in the amended complaint pursuant to Federal Rule of Civil Procedure 12(f). This motion rests on defendant's belief that the demand relates only to the promissory estoppel claim. Plaintiff, however, indicates that the demand relates to all claims, and this is a reasonable reading of the amended complaint. Further, the DTPA provides that a prevailing party may recover costs and attorneys' fees. Wis. Stat. § 100.18(11)(b)2. Thus, the demand is not "redundant, immaterial, impertinent, or scandalous" and will not be stricken. Fed. R. Civ. P. 12(f).

Therefore, for the reasons stated, **IT IS ORDERED** that defendant's motion to dismiss and its motion to strike are **DENIED**. Defendant shall answer the amended complaint within the time prescribed by Federal Rule of Civil Procedure 12(a)(4).

Dated at Milwaukee, Wisconsin this 25th day of October, 2010.

/s_____
LYNN ADELMAN
District Judge